[Civ. No. 7785. First Appellate District, Division Two.—May 23, 1931.]

THOMAS L. FORSTER et al., Appellants, v. VICTOR CAROUSO, Respondent.

A. G. Thompson for Appellants.

O. G. Foelker and J. H. McNight for Respondent.

NOURSE, P. J.—Plaintiffs sued for damages for breach of contract and for the return of money paid by them on the contract. Demurrers to the third amended complaint were sustained, the plaintiffs declined to amend, and judgment went for defendant. The plaintiffs appeal on the judgment-roll.

The complaint was framed to plead four causes of action. The first alleged that the parties entered into a contract whereby the defendant agreed to manufacture 500 natural gas torches according to designs furnished by plaintiffs and upon which they had patents pending; that the parties agreed that the reasonable value of said torches should be $8 each and that defendant should be paid $3.50 for the manufacture of each torch; that plaintiffs paid defendant $500 on account, but that the defendant failed to deliver any torches and refused to return the money paid therefor; that, allowing $1 each for expenses of sale, plaintiffs might contemplate a profit of $3.50 on each torch; and that defendant's breach caused plaintiffs damages for loss of these anticipated profits in the sum of $1750.

The demurrer to this cause of action was properly sustained because the damages sued for were too speculative and uncertain. On this point the rule is aptly stated in *Gibson* v. *Hercules Mfg. etc. Co., Inc.*, 80 Cal. App. 689, 702 [252 Pac. 780], where many cases are cited and the text of 17 C. J., p. 797, is quoted with approval.

The second cause of action pleaded the same contract, but added that the parties agreed that the torches could not be obtained in the open market, but that they

had a peculiar value to the plaintiffs of $3.50 each, and that, with this understanding between the parties, the defendant agreed to manufacture and deliver 500 torches to plaintiffs. In this cause of action the plaintiffs prayed for $1750 as damages for defendant's failure to deliver under the contract.

This cause pleads the failure of the seller to deliver personal property to the buyer which is declared the basis for an action for damages in sections 3300 and 3308 of the Civil Code. The measure of damages to be recovered by such breach, when the property was known to have a "peculiar value" to the buyer, is declared to be that "peculiar value" by section 3355 of the Civil Code. As the complaint alleges that the defendant had notice of this value to the plaintiffs before the liability was incurred, and that the contract was executed "with said understanding" it pleaded all the elements necessary to bring the case within the code sections, and particularly section 3355, which was followed in *Drinkhouse* v. *Van Ness*, 202 Cal. 359 [260 Pac. 869, 876]. The general demurrer to the second cause of action should have been overruled. None of the grounds of special demurrer possesses any merit.

The third cause of action pleads special damages of $500 as loss of anticipated profits through delay in the manufacture and delivery of the torches. This cause, like the first, rests entirely on plaintiffs' speculation as to what profits they might have made. The demurrer was properly sustained for the reasons covering the demurrer to the first cause.

The fourth cause pleaded the payment of $500 to defendant for the manufacture and delivery of the torches, a demand for its return, and defendant's refusal to repay. The plaintiffs, deeming their complaint incomplete in failing to specifically replead in this cause of action defendant's failure to deliver the torches, filed an amendment covering that point. This amendment was filed before judgment was entered, but was stricken out on motion of the defendant. Though the facts thus pleaded are easily inferable from other portions of the pleadings, the plaintiffs should be permitted to amend in that respect if they so desire.

Respondent's objection that this cause is beyond the jurisdiction of the superior court because under $1000 is

without merit because the aggregate of the amounts sued for is well within the jurisdictional amount. (7 Cal. Jur., p. 692.) The demurrer should be overruled and the plaintiffs should be granted leave to amend if they are so advised. The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.